# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09cr18

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Vs. )<br>)<br>RICHARD SHANNON UNDERWOOD. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on the report of Warden Sara M. Revell dated March 1, 2010. In that report, Warden Revell reports that defendant remains not competent to proceed to trial and seeks permission and supervision by this court of the involuntary administration of psychotropic medications in order to restore competency. Such determination will be governed by the decision in <u>Sell v. United States</u>, 539 U.S. 166 (2003). The factors which the court will consider at the hering, and on which the court will receive evidence, are as follows:

> First, a court must find that important governmental interests are at stake. The Government's interest in bringing to trial an individual accused of a serious crime is important. That is so whether the offense is a serious crime against the person or a serious crime against property. In both instances the Government seeks to protect through application of the criminal law the basic human need for security.
> Courts, however, must consider the facts of the individual case in evaluating the Government's interest in prosecution. Special circumstances may lessen the importance of that interest. The defendant's failure to take drugs voluntarily, for example, may mean lengthy confinement in an institution for the mentally ill--and that would diminish the risks that ordinarily attach to freeing without punishment one who has committed a serious crime. We do not mean to suggest that

civil commitment is a substitute for a criminal trial. The Government has a substantial interest in timely prosecution. And it may be difficult or impossible to try a defendant who regains competence after years of commitment during which memories may fade and evidence may be lost. The potential for future confinement affects, but does not totally undermine, the strength of the need for prosecution. The same is true of the possibility that the defendant has already been confined for a significant amount of time (for which he would receive credit toward any sentence ultimately imposed, see 18 U.S.C. § 3585(b) [18 USCS § 3585(b)]). Moreover, the Government has a concomitant, constitutionally essential interest in assuring that the defendant's trial is a fair one.

Second, the court must conclude that involuntary medication will significantly further those concomitant state interests. It must find that administration of the drugs is substantially likely to render the defendant competent to stand trial. At the same time, it must find that administration of the drugs is substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel in conducting a trial defense, thereby rendering the trial unfair.

Third, the court must conclude that involuntary medication is necessary to further those interests. The court must find that any alternative, less intrusive treatments are unlikely to achieve substantially the same results. And the court must consider less intrusive means for administering the drugs, e.g., a court order to the defendant backed by the contempt power, before considering more intrusive methods.

Fourth, as we have said, the court must conclude that administration of the drugs is medically appropriate, i.e., in the patient's best medical interest in light of his medical condition. The specific kinds of drugs at issue may matter here as elsewhere. Different kinds of antipsychotic drugs may produce different side effects and enjoy different levels of success.

Id., at 211-13 (citations omitted). Of particular interest to this court is the first consideration under Sell, which requires a determination that an important governmental interest is at stake, and that the offense charged is a "serious crime

against the person or a serious crime against property . . . ." Id. While this court is not aware of the facts underlying the indictment in this case, the court will require a proffer from the government that makes it clear that this case meets the level required under Sell.

Finally, the court has reviewed the March 1, 2010, letter and attached report of Warden Revell and determined under Local Civil Rule 55.1 that the letter and report contain information concerning defendant's mental health, including a professional diagnosis and proposed course of treatment. The court will seal such documents with access allowed to both the government and counsel for defendant. The court finds that no lesser restrictive means are available and that the contents of the sealed documents are adequately described in this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that a Sell hearing is calendared for April 2, 2010, at 10:30 a.m. in Asheville, North Carolina, Courtroom #2.

**IT IS FURTHER ORDERED** that the March 1, 2010, letter of Warden Revell and attached report are **SEALED**, with access to defendant and counsel for the government.

Signed: March 17, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge