IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:09cr18

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RICHARD SHANNON UNDERWOOD. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendant's Motion for Psychiatric Evaluation (#41). This court earlier ordered a psychological evaluation of defendant for purposes of determining competency for trial and held a hearing at which it was determined that defendant was competent to proceed to trial. On January 19, 2011, the court conducted a hearing to determine the factual basis for the instant motion. Inasmuch as the reasons underlying defendant's motion could involve confidential client communications, the court sealed the proceeding and, with the concurrence of the government, excluded the United States Attorney from such hearing.

Without revealing the substance of such communications, the court made inquiry of both counsel and defendant and remains satisfied that defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Specifically, defendant was able to articulate an understanding of his right to trial, the consequences of a conviction, and rational reasons for wanting a trial that are fully consistent with current case law. See United

States v. Chester, ___ F.3d ___, 2010 WL 5396069 (4th Cir. Dec. 30, 2010)(holding that intermediate scrutiny applied in determining whether a conviction for possession of a firearm after being convicted of misdemeanor crime of domestic violence violated the Second Amendment). While defendant continues to suffer from delusions concerning his educational accomplishments, military service, and connections with celebrities (an issue that was previously reviewed), such delusions concerning his past do not interfere with his competence to proceed in the present as he clearly understands the nature of the charges lodged against him and the possible consequences if he is found guilty of such charges. Further, defendant has shown a remarkable ability to work with his attorney in formulating a very cogent and reasonable defense to those charges. Finally, the court made inquiry as to whether defendant was taking his medications, and the court was assured that defendant has taken his medication as prescribed.

Having carefully considered defendant's motion and made inquiry of both counsel and defendant (with counsel's and defendant's permission), the court concludes that is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, and is therefore competent to proceed to trial.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Psychiatric Evaluation (#41) is **DENIED**.

Signed: January 20, 2011

Dennis L. Howell
United States Magistrate Judge