# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:09cr18

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>vs. )<br>)<br>)<br>RICHARD SHANNON UNDERWOOD. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on receipt of a Risk Assessment dated August 8, 2011 from the Warden of the Federal Medical Center in Butner, North Carolina, filed herein on August 10, 2011. [Doc. 67]. The Court conducted a hearing on this matter on September 7, 2011.

## I. PROCEDURAL BACKGROUND

On June 2, 2009, Richard Shannon Underwood was charged by way of a Bill of Indictment with one count of possession of a firearm after having been convicted of a crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9), and two counts of knowingly importing, exporting, transporting, selling, receiving, acquiring or purchasing wildlife in violation of the laws and regulations of the United States, in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(2) and 18 U.S.C. § 2. [Doc. 3]. On the date that Mr. Underwood was

to be arraigned, the Government moved for a psychiatric examination. [Doc. 9]. The Court granted the Government's motion on June 17, 2009. [Doc. 12].

On October 2, 2009, the Magistrate Judge held a competency hearing and determined that Mr. Underwood was incompetent to stand trial based on his present mental condition. Mr. Underwood was committed to the custody of the Attorney General for a determination of whether there was a substantial probability that he would attain the capacity to proceed to trial. [Doc. 22].

Once he returned to the Federal Medical Center in Butner, North Carolina ("Butner"), Mr. Underwood refused to take the psychotropic medication prescribed to him. On April 2, 2010, the Magistrate Judge held a hearing pursuant to Sell v. United States, 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003) to determine whether Mr. Underwood should be medicated involuntarily in an effort to restore his competency. At the hearing, Mr. Underwood consented to take medications voluntarily, and he was returned to Butner for further treatment. [Doc. 27].

On September 17, 2010, Mr. Underwood was returned to this District for a second competency hearing. At this hearing, the Magistrate Judge determined that, with medication, Mr. Underwood was competent to stand trial, and thus this matter was placed on the Court's September 27, 2010 trial

calendar. [Doc. 32]. Thereafter, the Court *sua sponte* continued this matter to the November 29, 2010 trial calendar. [Doc. 36].

On November 15, 2010, the Government moved to continue the case on behalf of Mr. Underwood on the grounds that Mr. Underwood's counsel was unable to prepare for trial due to a terminally ill family member. [Doc. 37]. The Court granted the Government's motion and continued this matter to the January 24, 2011 trial calendar. [Doc. 38].

On January 7, 2011, Defendant's counsel moved to continue the case on the grounds that he intended to seek another psychiatric examination of Mr. Underwood. [Doc. 39]. As no motion for examination had been filed, the Court denied the motion to continue without prejudice. [Doc. 40]. On January 13, 2011, Mr. Underwood's counsel filed a motion for psychiatric examination to determine both Defendant's competency to stand trial and whether he suffered any mental illness or defect that would significantly reduce his culpability for the crimes charged. [Doc. 41].

Magistrate Judge Howell conducted a hearing on this motion on January 19, 2011. Following the hearing, Judge Howell entered a written order, in which he concluded that Mr. Underwood was still competent to proceed to

trial. Mr. Underwood's motion for a second competency examination was therefore denied. [Doc. 43].

Mr. Underwood timely appealed the Magistrate Judge's Order on January 20, 2011. [Doc. 44]. In his Notice of Appeal, Mr. Underwood asked the Court to order both an evaluation for the purpose of determining his criminal responsibility at the time of the offense and a re-evaluation of his competency to stand trial. [Id.].

At the same time that he appealed the Magistrate Judge's ruling, Mr. Underwood filed a notice of his intent to assert an insanity defense. [Doc. 45]. The Government objected to Mr. Underwood's untimely notice but requested in the event that the insanity defense was allowed that the Court order Mr. Underwood to undergo a psychiatric examination to determine the existence of his sanity at the time of the offense. [Doc. 46]. In an Order entered January 24, 2011, the Court allowed Mr. Underwood to file his notice out of time and further granted the Government's request for an examination to determine Mr. Underwood's criminal responsibility for the offenses charged. Mr. Underwood was then returned to Butner for further evaluation.

On May 6, 2011, the Bureau of Prisons submitted a report to the Court, advising that a mental health evaluation had been completed of Mr.

Underwood, and that in the opinion of the evaluator, Mr. Underwood was suffering from a mental disease or defect (schizophrenia) at the time of the commission of the charged offenses and was unable to appreciate the nature, quality, and wrongfulness of his acts. [Doc. 53].

On May 31, 2011, the Court conducted a bench trial and, based upon the facts as stipulated by the parties, thereafter entered a Special Verdict finding Mr. Underwood not guilty only by reason of insanity as to all charges. [Doc. 62]. Mr. Underwood was returned to Butner for an evaluation pursuant to 18 U.S.C. § 4243.

On August 10, 2011, the Court received an evaluation and risk assessment ("Risk Assessment") from the Risk Panel at Butner. After considering various risk factors, including Mr. Underwood's history of mental illness and substance abuse; his criminal history; and his access to and skill with weapons, it is the opinion of the Risk Panel that Mr. Underwood's "release at this time would not present a substantial risk of bodily injury to another person or serious damage to the property of another due to his mental illness." [See Doc. 67 at 1].

The Court held a hearing pursuant to 18 U.S.C. § 4243(d) on September 7, 2011. At that time, the Government presented the testimony of Angela

5

Walden-Weaver, Ph.D., Butner staff psychologist and member of the Risk Panel, via video conferencing.

## II. ANALYSIS

Title 18 of the United States Code, Section 4243 establishes the procedures for the treatment of insane acquittees. Following the entry of a special verdict of not guilty by reason of insanity, the Court is required to commit the defendant to a "suitable facility" for a psychiatric or psychological evaluation. 18 U.S.C. § 4243(a), (b). The Court must then hold a hearing within forty days of the special verdict to determine whether the defendant can satisfy his burden of proving[1] that his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. 18 U.S.C. § 4243(d), (e).

---

[1]Section 4243(d) provides that where the defendant was charged with an offense involving bodily injury to or serious damage to the property of another person, or which involved a substantial risk of such injury or damage, the defendant must show that his or her release does not create a substantial risk of bodily injury or property damage by clear and convincing evidence. 18 U.S.C. § 4243(d). For any other offense, the standard is only a preponderance of the evidence. Id. Because the Court concludes that the offenses with which Mr. Underwood was charged did not involve a substantial risk of bodily injury to or serious damage to the property of another person, the preponderance standard will be applied in this case. See United States v. Bilyk, 949 F.2d 259, 261 (8th Cir. 1991) (applying preponderance standard where defendant was found not guilty by reason of insanity of 18 U.S.C. § 922(g)(1) offense); United States v. Brooks, No. 3:08cr209-MHT, 2010 WL 6570902 (M.D. Ala. Dec. 16, 2010) (same).

Section 4243(e) provides that if the Court "fails to find" that the defendant has met this burden, it shall commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4243(e).  If the Court finds, however, that the defendant has satisfied this burden and has shown that his release does not pose a substantial risk of bodily injury to another person or serious damage to property of another, then the Court must order the defendant's unconditional release.  See United States v. Baker, 155 F.3d 392, 395 (4th Cir. 1998); see also United States v. Livesay, 600 F.3d 1248, 1251 (10th Cir. 2010); United States v. Stewart, 452 F.3d 266, 270 (3d Cir. 2006).

In the present case, it is the assessment of the Risk Panel that Mr. Underwood's schizophrenia is well-controlled with psychotropic medication (namely, Risperidone, 4mg daily), and that he has been asymptomatic for well over six months.  It is further the opinion of the Risk Panel that Mr. Underwood's release would not present a substantial risk of bodily injury to another person or serious damage to the property of another due to his mental illness.

Upon review of the Risk Assessment, the prior psychological evaluations performed at Butner, and the testimony of Dr. Walden-Weaver, the Court finds and concludes that Mr. Underwood has demonstrated by a

preponderance of the evidence that his release would not present a substantial risk of bodily injury to another person or serious damage to the property of another due to a present mental disease or defect, and therefore, he should be released from custody.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant Richard Shannon Underwood shall be released immediately from the custody of the United States Marshal.

The Clerk of Court shall provide copies of this Order to counsel for the Government, counsel for the Defendant, and the United States Marshals Service.

**IT IS SO ORDERED.**

Signed: September 10, 2011

Martin Reidinger
United States District Judge